IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas M. Conroy, ) | No. CIV 07-2474-PHX-FJM (DKD) |
| Petitioner, ) | **REPORT AND RECOMMENDATION** |
| vs. ) | |
| Warden Craig Fizer, et al., ) | |
| Respondents. ) | |

TO THE HONORABLE FREDERICK J. MARTONE, U.S. DISTRICT JUDGE:

Thomas M. Conroy filed a petition for writ of habeas corpus pursuant to 28 U.S.C.§ 2254, challenging his 1989 convictions in Maricopa County Superior Court for child molestation. He raises two grounds of ineffective assistance of counsel: (1) trial counsel's failure to cross-examine the victims and to interview two males who allegedly molested the victims; and (2) appellate counsel's decision to file an *Anders* brief, and to not raise certain issues on appeal. Respondents contend that Conroy's petition is untimely. The Court agrees and recommends that it be denied and dismissed with prejudice.

Following his convictions and the affirmance of those convictions in his direct appeal, Conroy initiated post-conviction proceedings that concluded on January 21, 1993, with the Arizona Court of Appeals' memorandum decision affirming the trial court's dismissal of his post-conviction petition (Doc. #16, Exh I-M). On July 15, 2005, Conroy notified the Maricopa County Superior Court that he believed he was being held after the expiration of his earned release date (*Id*., Exh N). Following an investigation by the Ariziona Department of Corrections' Time Computation Unit, Conroy was notified that he had not been granted parole from his first 14-year sentence which commenced in 1989, and that he began serving

his second 14-year sentence on January 24, 1999 (*Id.*, Exh O).  He was informed that he would be eligible for mandatory release on April 11, 2009 (*Id.*).  On December 1, 2005, he filed a Notice of Post-Conviction Relief, alleging that he was being held in custody after the expiration of his sentence (*Id.*, Exh P).  The trial court dismissed the petition on December 20, 2005; Conroy did not seek review of that decision (*Id.*, Exh R).  Conroy filed his federal petition on December 7, 2007.

Conroy was required to file his federal petition within 1 year of the later of two occurrences: the date the judgment of conviction became final in state court, or the effective date of the AEDPA.  *See* 28 U.S.C. § 2244(d); *Herbst v. Cook*, 260 F.3d 1039, 1042 (9th Cir. 2001).  Conroy's case became final on *direct* review on September 11, 1991, the date upon which the time for filing a petition for review in the Arizona Supreme Court expired.  *See* 28 U.S.C. § 2244(d)(1)(A).  However, "the time during which a properly filed application for post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation."  *See* 2244(d)(2).  In addition, the one-year limitations period did not begin to run until the conclusion of that proceeding, the review of that proceeding, "or the expiration of time for seeking such proceeding or review." *Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007).  Conroy's post-conviction proceedings concluded in January, 1993.  Therefore, in this case the deadline for filing his federal petition was the later date of April 24, 1997, one year from the effective date of the AEDPA.

A review of the Maricopa County Superior Court docket indicates that Conroy had *nothing* pending in state court from January 21, 1993, until he initiated post-conviction proceedings on December 15, 2005, *eight years* after the limitations period had expired.  Once the limitations period lapsed, Conroy could not "restart" the period by filing a state court action that would have tolled the limitations period, had it been timely filed.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).  Finally, assuming that federal courts have the authority to create equitable exceptions to jurisdictional time limitations set by Congress, *see Bowles v. Russell*, 551 U.S. 205 (2007), Conroy is not entitled to equitable

1   tolling. He has not shown extraordinary circumstances beyond his control which made it
2   impossible for him to timely file: that he diligently pursued his rights and that some
3   "extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418
4   (2005).[1]

5   **IT IS THEREFORE RECOMMENDED** that Thomas M. Conroy's petition for writ
6   of habeas corpus be **denied and dismissed with prejudice** (Doc. #1).

7   This recommendation is not an order that is immediately appealable to the Ninth
8   Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
9   Appellate Procedure, should not be filed until entry of the district court's judgment. The
10  parties shall have ten days from the date of service of a copy of this recommendation within
11  which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules
12  72, 6(a), 6(e), Federal Rules of Civil Procedure. Thereafter, the parties have ten days within
13  which to file a response to the objections. Failure timely to file objections to the Magistrate
14  Judge's Report and Recommendation may result in the acceptance of the Report and
15  Recommendation by the district court without further review. *See United States v. Reyna-*
16  *Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual
17  determinations of the Magistrate Judge will be considered a waiver of a party's right to
18  appellate review of the findings of fact in an order or judgment entered pursuant to the
19  Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

20  DATED this 18th day of May, 2009.

David K. Duncan
United States Magistrate Judge

---

[1] In his Reply, he alleges that he suffers from Huntington's Disease and Cerebral Palsy "which causes conflict in his body and health, medications sometimes distort the facts" (Doc. #18 at 4). However, he does not allege, nor can the Court envision, how the existence of these conditions could cause a delay of eight years in filing his petition.