**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas M. Conroy, | No. CV-07-2474-PHX-FJM |
| Petitioner, | **ORDER** |
| vs. | |
| Craig Fizer, et al., | |
| Respondents. | |

The court has before it petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 1), respondents' response (doc. 15), and petitioner's reply (doc. 18). We also have before us the report and recommendation of the United States Magistrate Judge (doc. 19), and petitioner's objections (doc. 20). After *de novo* consideration of the issues, we accept the recommended decision of the Magistrate Judge, pursuant to Rule 8(b), Rules Governing § 2254 Cases, and deny the petition as untimely.

In his habeas petition, petitioner challenges his 1989 convictions for child molestation, raising two grounds of ineffective assistance of counsel. Petitioner was required to file his federal habeas petition the later of one year from the date the judgment of conviction became final, or one year from the effective date of AEDPA. See 28 U.S.C. § 2244(d); Herbst v. Cook, 260 F.3d 1039, 1042 (9th Cir. 2001). In this case, petitioner was required to file his federal habeas petition no later than April 24, 1997, one year from the effective date of

AEDPA. Petitioner did not file his petition until December 7, 2007, well outside the limitations period.

Petitioner acknowledges that his petition is untimely and instead argues that there were extraordinary circumstances that justify equitable tolling of the statute of limitations. First, we note that it is unclear whether we have authority to apply an equitable tolling exception to AEDPA's statute of limitations. See Bowles v. Russell, 551 U.S. 205, 127 S. Ct. 2360, 2366 (2007) (broadly holding, in a non-AEDPA context, that time limits enacted by Congress are "jurisdictional" and stating that federal courts do not have authority to "create equitable exceptions to jurisdictional requirements"). We need not decide this issue, however, because we agree with the Magistrate Judge that plaintiff has failed to satisfy the equitable tolling requirements.

A petitioner seeking equitable tolling bears the burden of showing that he has been pursuing his rights diligently and that extraordinary circumstances stood in the way of his timely filing. Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814 (2005). The "threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000).

Petitioner alleges that he suffers from Huntington's Disease and cerebral palsy, which "cause conflict in his body and health, and that medications do sometimes distort the facts," and that "he needs help in formulating his facts and words and finally committing them to paper." Objections at 1-2. He claims that "if he had the help of competent counsel both trial and appellate, and the cooperation of the Department of Correction he would have been able to file this habeas sooner." Id. at 3. Plaintiff does not adequately allege, however, how these conditions prevented him from filing his habeas petition for more than ten years. A party seeking equitable tolling must have acted with reasonable diligence "throughout the period he seeks to toll." Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000). Despite his medical condition, plaintiff initiated state post-conviction proceedings on December 1, 2005. The proceedings concluded on December 20, 2005, when the trial court dismissed the petition. Even if these post convictions proceedings could restart the statute of limitations period

1  (which we expressly reject, see Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003)),
2  petitioner waited almost two years after the conclusion of these state proceedings to file his
3  federal habeas petition—once again outside AEDPA's one-year statute of limitations.
4      We conclude that petitioner has failed to show either that he diligently pursued his
5  rights or that extraordinary circumstances stood in his way. Therefore, we accept the
6  magistrate judge's conclusion that petitioner's habeas petition is untimely.
7      **IT IS ORDERED DENYING** petitioner's petition for writ of habeas corpus and
8  dismissing it with prejudice (doc. 1).
9      DATED this 11th day of June, 2009.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge